IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH FRNDAK and DIANE FRNDAK,  )<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>CORPORAL GREGORY BOGAN,  )<br>)<br>Defendant.  ) | Civil Action No. 2:20-1411<br><br>Judge Cathy Bissoon |

## MEMORANDUM AND ORDER

### I. MEMORANDUM

For the reasons that follow, Defendant's Motion for Summary Judgment (Doc. 111) will be granted in part and denied in part.

The lengthy factual and procedural history of this case is well-known to the parties, and the Court will not repeat it in detail here. Generally, Plaintiff brought this matter against Defendant Bogan and others no longer party to the lawsuit alleging constitutional and state-law violations that occurred in and around December 2019, at Plaintiffs' residence. More specifically, Plaintiffs contend that on December 8, 2019, Defendant Bogan and two bounty hunters unlawfully entered Plaintiffs' home and baselessly accused Plaintiffs of harboring a fugitive, Plaintiff Keith Frndak's son, Nathan Frndak ("Nathan"). Plaintiffs testified that Defendant Bogan both confronted and threatened them and searched their home for Nathan without consent, even though Nathan did not, and had never, lived in the Plaintiffs' home, and was not present there on the occasion in question. According to Plaintiffs' testimony, Defendants then threatened to repeat the intrusion if Plaintiffs failed to produce Nathan or pay a sum of money to former defendant Liberty Bail Bonds. *See generally* 4th Am. Compl. (Doc. 96)

¶¶ 14-128; Def. Concise Statement of Mat. Facts ("DCSMF") and Appendix (Docs. 113 & 114); Pl. Responsive Statement of Mat. Facts ("PRSMF") (Doc. 116) ¶¶ 21-30.

The remaining claims against Defendant Bogan, as set forth in the Fourth Amended Complaint (Doc. 96), include: Section 1983 claims for violations of Plaintiffs' Fourth and Fourteenth Amendment right to be free from illegal searches and assault (Counts 1 and 2), and state-law claims for intentional infliction of emotional distress (Count 3) and assault (Count 4). Defendant Bogan has moved for summary judgment as to all of Plaintiffs' claims. (Doc. 111). On summary judgment, Defendant Bogan argues that (1) the Eleventh Amendment bars Plaintiffs' claims against him in his official capacity; (2) Plaintiffs have failed to allege facts sufficient to establish a Fourth Amendment violation; (3) he is protected from suit by the doctrine of qualified immunity; (4) Plaintiffs lack an independent basis for a Fourteenth Amendment claim; and (5) Plaintiffs' state claims fail as a matter of law. *See* Def. Br. Supp. (Doc. 112).

Turning first to sovereign immunity, the Court agrees that the Eleventh Amendment bars claims for damages in federal court against the Pennsylvania State Police, "a state agency that did not waive its sovereign immunity." Atkin v. Johnson, 432 F. App'x 47, 48 (3d Cir. 2011). Such immunity extends to Defendant Bogan in his official capacity. *See* id. ("To the extent [the state trooper] was sued in his official capacity, he too was immune from suit."). "Although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983." Id. There are only three exceptions to the Commonwealth's Eleventh Amendment immunity, none of which apply here. *See* MCI Telecomm. Corp. v. Bell Atl. Pa., 271 F.3d 491 (3d Cir. 2001) ("Eleventh Amendment immunity is subject to three exceptions: 1) congressional abrogation, 2) state waiver, and 3) suits against individual state officers for

prospective relief to end an ongoing violation of federal law."); *see also* Karolski v. City of Aliquippa, No. CV 15-1101, 2016 WL 7404551, at *4 (W.D. Pa. Dec. 22, 2016).  Because Eleventh Amendment immunity applies, summary judgment will be granted as to Plaintiffs' claims for monetary damages against Defendant Bogan in his official capacity.[1]

Turning to Plaintiffs' claims against Defendant Bogan in his individual capacity, and viewing the record evidence in the light most favorable to Plaintiffs, Defendant's arguments raise genuine issues of material fact precluding summary judgment on Plaintiffs' Section 1983 and state-law claims.  *See, e.g.*, PRSMF (Doc. 116) ¶¶ 16, 20-21, 23-28, 30 (citing deposition testimony disputing Defendant's account and demonstrating relevant credibility issues and other factual disputes).[2]  Whether Defendant Bogan is entitled to qualified immunity also hinges on factual disputes and credibility questions that are inappropriate for resolution on a summary judgment motion.[3]  *See* Pls.' Br. (Doc. 115) at 9 (summarizing case law and highlighting disputed factual issues, including consent to search).

---

[1] The case on which Plaintiffs rely in opposition to Defendant's Eleventh Amendment immunity argument – Zion v. Nassan, 283 F.R.D. 247, 266 (W.D. Pa. 2012), aff'd, 556 F. App'x 103 (3d Cir. 2014) – is inapposite.  Zion addresses state sovereign immunity in the context of state intentional tort claims against a trooper in his individual capacity.  *See* id. at 265 n.13 (distinguishing Eleventh Amendment immunity jurisprudence and noting that "[t]he plaintiffs sued [the state trooper] only in his personal capacity").

[2] The fact that Defendant Bogan was accompanied by a bounty hunter is not dispositive.  *See, e.g.,* Hardy v. Gloucester Cnty., No. CV 15-3714 (RBK), 2017 WL 5001986, at *3 (D.N.J. Nov. 2, 2017) (finding that bounty hunter was not a state actor, but holding officer that accompanied him to a constitutional analysis).

[3] The Court is guided "by the two-prong test for qualified immunity, the first prong being whether the facts, as viewed in the light most favorable to the plaintiff, show the violation of a legal right, and the second being whether that right was clearly established. . . . [T]he party asserting the affirmative defense of qualified immunity bears the burden of persuasion on both prongs at summary judgment."  Mack v. Yost, 63 F.4th 211, 227 (3d Cir. 2023) (internal quotations and citations omitted).

Finally, Defendant's concerns regarding Plaintiffs' ability to proceed on an independent Fourteenth Amendment claim are dismissed as moot.  Plaintiffs clarify in their response brief that they do not seek to assert an independent substantive due process claim under the Fourteenth Amendment.  Rather, they cite the Fourteenth Amendment simply as the vehicle through which to bring a Fourth Amendment claim against a state actor.  *See* Pls.' Br. Opp. (Doc. 115) at 10 (citing Williams v. Papi, 30 F. Supp. 3d 306, 311-12 (M.D. Pa. 2014)).

Consistent with the foregoing, the Court hereby enters the following:

## II.  ORDER

Defendant's Motion for Summary Judgment (**Doc. 111**) is **GRANTED IN PART and DENIED IN PART**.  The Motion is **GRANTED** with respect to Plaintiffs' claims against Defendant Bogan in his official capacity.  The Motion is **DENIED** in all other respects.

IT IS SO ORDERED.

March 28, 2025

s/Cathy Bissoon
Cathy Bissoon
United States District Judge

cc (via ECF email notification):

All Counsel of Record